5 F.3d 548
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re: Terry Lane WARD and Sue Ward, Debtors.
NATIONAL MORTGAGE COMPANY, Appellee,
v.
Terry Lane WARD and Sue Ward, Appellants.
 No. 92-6307.
 United States Court of Appeals, Tenth Circuit.
 Sept. 29, 1993.
 
 Before ANDERSON, BARRETT, and TACHA, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellants Terry and Sue Ward ("debtors") filed a Chapter 13 Bankruptcy Petition and a Proposed Plan, subsequently amended several times, on March 15, 1991. The debtors, in their Proposed Plan as well as through a Motion for Order Determining Value of Secured Claims and Voiding Liens, sought to bifurcate the claim of Appellee, National Mortgage Company ("National"), the holder of a note secured by a mortgage on the debtors' principal residence, into a secured claim equal to the stipulated fair market value of the home ($15,050) and an unsecured claim equal to the balance remaining under the note ($25,834.09). They sought to avoid any liens securing claims in excess of the stipulated fair market value.
 
 
 3
 Over National's objections, the Bankruptcy Court for the Western District of Oklahoma entered an order bifurcating National's claim into an allowed secured claim and an allowed unsecured claim, and declaring National's lien securing claims in excess of $15,050 to be void. It subsequently confirmed the debtors' Plan. National appealed to the district court, which reversed the judgment of the bankruptcy court, concluding that the rationale of a recent Supreme Court decision, Dewsnup v. Timm, 112 S.Ct. 773 (1992), prohibited such bifurcation. The debtors timely appealed.
 
 
 4
 We abated this appeal pending the Supreme Court's decision in Nobelman v. American Savings Bank, 113 S.Ct. 2106 (1993), involving the same issue--i.e. the permissibility of bifurcating an undersecured mortgage under sections 506(a) and 1322(b)(2) of the Bankruptcy Code into a secured claim equal to the fair market value of the residence and an unsecured claim equal to the balance owing to the mortgagee. A unanimous court in Nobelman held that 11 U.S.C. 1322(b)(2) "prohibits a Chapter 13 debtor from relying on section 506(a) to reduce an undersecured homestead mortgage to the fair market value of the mortgaged residence." Id. at 2108.
 
 
 5
 The parties have filed briefs stating their views with respect to the holding in Nobelman. As we have held in Independence One Mortgage Corp. v. Wicks (In re Wicks), No. 92-6134, --- F.2d ---- (10th Cir., Sept. 28, 1993), Nobelman applies to cases pending on appeal at the time of its issuance and therefore applies to this case. Nobelman effectively forecloses the debtors' bifurcation argument, as the debtors have conceded in their supplemental brief.
 
 
 6
 For the foregoing reasons, the order of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3